No. 9773.
Orleans Appeal.

## UTLEY PAINT CO., INC., v. RICHARD MACKENROTH, ET AL., Appellant.

(November 17, 1924, Opinion and Decree.)
(December 1, 1924, Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal, Par. 594, 598.**
The judgment of a trial court upon a question of fact is presumptively correct.

Appeal from First City Court, Hon. Val J. Stentz, Judge.

This is a suit for the price of a quantity of paint sold the defendant. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Haspel, Sanders, Baldwin & Viosca, attorneys for plaintiff and appellee.

Mrs. W. Peke, H. M. Ansley, attorneys for defendant and appellant.

WESTERFIELD, J. This is a suit for $130.92, the price of a quantity of paint sold the defendant Mackenroth and alleged to have been used in painting certain houses belonging to Mrs. Wilhelmina Pelke, the co-defendant. Mackenroth had a contract with Mrs. Pelke to paint her houses, which he did not execute, having been prevented from doing so by Mrs. Pelke because of her dissatisfaction with his work. He had done some work, however, and used some paint, which he purchased from plaintiff. The liability of Mrs. Pelke as owner, she having neglected to comply with the provisions of Act 139 of 1922 relative to recording her contract and obtaining bond, is not disputed. She contends, however, that there is no satisfactory proof in the record to show that any of plaintiff's paint was actually used on her property.

There was judgment below as prayed for against Mackenroth and against Mrs. Wilhelmina Pelke in the sum of Sixty-one and 50/100 ($61.50) Dollars, *in solido*, with recognition of a lien and privilege upon her property.

Mrs. Pelke has appealed and plaintiff has answered asking for an increase of the judgment against Mrs. Pelke to $130.92, the amount sued for.

There can be no question of the defendant Mackenroth having bought the materials for the price of which this suit is brought. The only thing we have to consider is whether they were used on the property of his co-defendant. It seems that Mackenroth was painting the building next door to Mrs. Pelke's place at the same time and was mixing his paints in a room in the house next door for both jobs. Under the circumstances it was difficult to say how much paint was used upon each of the houses he was painting. The trial court reached the conclusion that only sixty dollars' worth of the $130.92 sued for was used on Mrs. Pelke's house. This conclusion was doubtless based upon the estimate given by a witness sworn in Mrs. Pelke's behalf. Plaintiff's witnesses were unable to give definite statements as to the amount of paint used and were unwilling to swear that the entire amount of paint for the price of which this suit is brought was placed upon Mrs. Pelke's property. It is a question of fact in the solution of which we are unable to say the trial court erred.

For the reasons assigned the judgment appealed from is affirmed.